## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **FLOYD ROBINSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO. 04-949-JPG** |
| | ) | |
| **MARVIN POWERS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, formerly an inmate in the Tamms Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983.  Plaintiff has filed a motion for leave to proceed *in forma pauperis*, and the Court finds that he is, in fact, indigent.  *See* 28 U.S.C. § 1915.  Therefore, the motion for leave to proceed *in forma pauperis* is **GRANTED**.[1]

In this action, Plaintiff states that in late June 2003, he began to feel pain in one testicle and noticed spots of blood in his urine.  Over several months he complained of this increasing problem to Defendant Powers on many occasions.  However, other than conducting a superficial physical examination and taking a urine sample, he alleges that Powers provided him with no medical treatment for his condition.

The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment.  *Estelle v.*

---

[1]  Although Plaintiff is barred from proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(g), the Court finds that the allegations in the complaint suggest that he may be in imminent danger of serious physical harm.  *Id.*  According to I.D.O.C. records, Plaintiff was released on parole on December 21, 2004, the same day he filed this action.  *See* http://www.idoc.state.il.us (accessed May 24, 2005).  Therefore, the Court will not assess and collect the filing fee at this time.  *See* 28 U.S.C. § 1915(b).

*Gamble*, 429 U.S. 97, 104 (1976).   However, "negligence alone, or simple malpractice, is insufficient to state a claim for relief," *Kelly v. McGinnis*, 899 F.2d 612, 616 (7th Cir. 1990), as is the provision of medical treatment other than that preferred by the inmate. *Estelle*, 429 U.S. at 107. *See also Jones v. Simek,* 193 F.3d 485, 489 (7th Cir. 1999); *Steele v. Choi*, 82 F.3d 175, 178 (7th Cir. 1996), *cert. denied,* 519 U.S. 897 (1996).

Based on the allegations in the complaint, the Court is unable to dismiss any portion of this action at this point in the litigation.  *See* 28 U.S.C. § 1915A.

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendant **POWERS**. The Clerk shall forward those forms, USM-285 forms submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendant **POWERS** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure.  Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order.  For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal.

Address information obtained from I.D.O.C. pursuant to this order shall not be maintained in the court file, nor disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received.  If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant.  Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required.  Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court.  He shall include with the original paper to be filed with the Clerk of the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel.  Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the

complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate

Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for

disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties*

*consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed

of any change in his whereabouts.  This shall be done in writing and not later than seven (7) days

after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**Dated: May 24, 2005**

　　　　　　　　　　　　　　　**s/ J. Phil Gilbert**
　　　　　　　　　　　　　　　**U. S. District Judge**