IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **FLOYD ROBINSON**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. **04-949-JPG** |
| | ) | |
| **MARVIN POWERS, M.D.**, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

**PROUD, Magistrate Judge:**

This Report and Recommendation is respectfully submitted to District Judge J. Phil

Gilbert pursuant to 28 U.S.C. §§636(b)(1)(B) and (C).

Before the Court is defendant's Motion for Summary Judgment. **(Doc. 15).** The motion

is accompanied by a number of exhibits and a Memorandum of Law. **(Doc. 16)**. Defendant

served upon plaintiff the notice required by *Lewis v. Faulkner*, **689 F.2d 100 (7th Cir. 1982)**.

**(Doc. 17).** Plaintiff has not filed a response and the time for doing so has expired.

### Nature of Plaintiff's Claim

Plaintiff was a prisoner in the custody of the Illinois Department of Corrections at the

time he filed suit. He has since been released from the IDOC. Plaintiff brings suit under **42**

**U.S.C. §1983**, alleging that Dr. Powers violated his Eighth Amendment rights by deliberate

indifference to his serious medical needs.

As construed on preliminary review, Robinson alleges that "in late June 2003, he began

to feel pain in one testicle and noticed spots of blood in his urine. Over several months he

complained of this increasing problem to Defendant Powers on many occasions. However, other

than conducting a superficial physical examination and taking a urine sample, he alleges that

Powers provided him with no medical treatment for his condition." **See, Doc. 4.** Plaintiff also claims that he had lumps on his left side and under his left arm, which Powers felt but did not treat.

### Standard for Summary Judgment

Summary judgment is appropriate under **Fed.R.Civ.P. 56** where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." **Fed.R.Civ.P. 56(c); see** *Celotex Corp. v. Catrett*, **477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986).** The evidence is construed in the light most favorable to the non-moving party and all justifiable inferences are drawn in favor of that party. **See,** *Anderson v. Liberty Lobby, Inc.*, **477 U.S. 242, 255, 106 S.Ct. 2505, 2513-14 (1986).** Once the moving party has produced evidence to show that he or she is entitled to summary judgment, the non-moving party must affirmatively demonstrate that a genuine issue of material fact remains for trial. *Johnson v. City of Fort Wayne*, **91 F.3d 922, 931 (7th Cir. 1996).**

In responding to a summary judgment motion, the non-moving party may not simply reiterate the allegations contained in the pleadings; more substantial evidence must be presented at this stage. Moreover, a genuine issue of material fact is not shown by the mere existence of "some alleged factual dispute between the parties," *Anderson*, **477 U.S. at 247**, or by "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, **475 U.S. 574, 586 (1986).** Rather, a genuine issue of material fact exists only if "a fair-minded jury could return a verdict for the [nonmoving party] on the evidence presented." *Anderson*, **477 U.S. at 252, 106 S.Ct. at 2512.**

Summary judgment is not barred by the mere existence of some factual dispute. *Anderson*, **477 U.S. at 248; see also,** *JPM Inc. v. John Deere Industrial Equipment Company*,

94 F.3d 270, 273 (7th Cir. 1996).  Only disputes as to facts that might affect the outcome of the

suit in light of the substantive law are sufficient to defeat summary judgment.  Disputes as to

irrelevant or unnecessary facts do not preclude summary judgment.  *Clifton v. Schafer*, 969 F.2d

278, 281 (7th Cir. 1992).

Plaintiff is a *pro se* inmate, and his pleadings must be liberally construed.  *Duncan v.*

*Duckworth*, 644 F.2d 653, 655 (7th Cir.1981).

### Deliberate Indifference to Serious Medical Needs

The Eighth Amendment prohibits "deliberate indifference to serious medical

needs."*Oliver v. Deen*, 77 F.3d 156, 159 (7th Cir.1996) (quoting *Estelle v. Gamble*, 429 U.S.

97, 97 St. Ct. 285 (1976)).  Unnecessary pain and suffering, <u>if sufficiently serious</u>, may

implicate the Eighth Amendment.  **See,** *Estelle*, 97 S. Ct. at 290.  In order to prevail on his

constitutional  claim, plaintiff must show that the failure to treat was due to a prison official's

deliberate indifference to his serious medical needs.  Plaintiff must satisfy the two-part test

enunciated in *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970 (1994).  The test has an

objective and a subjective component.  That is, plaintiff must show (1) his condition was

objectively serious, and (2) the defendant acted with deliberate indifference, which is a

subjective standard.  *Reed v. McBride*, 178 F. 3d 849, 852 (7th Cir. 1999).

A condition is objectively serious if "failure to treat [it] could result in further significant

injury or unnecessary and wanton infliction of pain."  *Gutierrez v. Peters*, 111 F.3d 1364, 1373

(7th Cir.1997).

It is well settled that  negligence or medical malpractice will not create liability under **42**

**U.S.C. § 1983**.  **See,** *Estelle*, 97 S. Ct. at 292; *Wood v. Woracheck*, 618 F.2d 1225 (7th Cir.

**1980)**.  Likewise, the provision of a course of treatment other than that preferred by the inmate

will not create liability.  *Estelle*, 97 S. Ct. at 293; *Burns v. Head Jailor*, 576 F. Supp. 618 (N.D.

**Ill. 1984).**   An inmate has no right to a particular course of treatment of his choosing.

*Meriweather v. Faulkner*, **821 F.2d 408, 413 (7th Cir. 1987).**

<u>Analysis</u>

Defendant Powers argues that he is entitled to summary judgment because the undisputed facts show that he was not deliberately indifference to plaintiff's serious needs.  He contends that plaintiff simply disagrees with the course of treatment provided, which does not suffice to make a constitutional case.

Plaintiff has not responded to the motion.  Therefore, the court takes as true the factual assertions made in defendant's affidavit, Doc. 18.

Defendant's exhibits and his affidavit establish that plaintiff did not have a serious medical need and that he received adequate medical care.

In his deposition, Robinson testified that the period of time in issue is from June, 2003, up to the time he was moved from Tamms to Menard, approximately November, 2004 (Doc. 15, Ex. 1, p. 9).  According to Robinson, he had a lump in his left testicle and a lump under his arm which Robinson thought was cancer.  (Ex. 1, p. 10.)  There is no evidence that Robinson actually had cancer.

Robinson was released from prison around the time this lawsuit was filed.  As far as the record reflects, he has not been diagnosed with a serious medical condition since November, 2004.  Plaintiff acknowledged that Powers prescribed antibiotics for him.  (Ex. 1, p. 65).  After he was transferred to Menard, the doctors there also gave him antibiotics. (Ex. 1, p. 22).  Since his release from prison, he has been seen for blood in his urine by doctors at a hospital in Sandwich, Illinois; those doctors diagnosed epididymitis and also prescribed antibiotics.  (Ex. 1,

pp. 21, 24-25).  Plaintiff has not seen a doctor for any lump under his arm since his release from

prison.  (Ex. 1, p. 22).  No doctor has ever diagnosed a problem with the area under his arm.

(Ex. 1, p. 23).

In his affidavit (Doc. 18), Dr. Powers describes plaintiff's complaints and the treatment

rendered to him.  Dr. Powers' affidavit establishes that plaintiff made repeated complaints about

his testicles, and that repeated examinations showed no abnormalities.  At one point, Powers did

diagnose epididymitis, which was treated with antibiotics and resolved.  Powers never detected a

lump in plaintiff's testicle.

On several occasions when plaintiff complained of pain and/or a lump in his left testicle,

examination showed no pathology.  Doc. 18, ¶¶ 8, 12, 15, 20, 57, 59.  On October 25, 2003,

plaintiff complained of blood in his urine and urinalysis suggested possible infection.  Powers

prescribed antibiotics.  Doc. 18, ¶22.  On December 18, 2003, plaintiff complained of left

testicular pain, and examination showed that he suffered from epididymitis of the left gonad.

This was treated with an antibiotic, Amoxil.  Doc. 18, ¶30.  Evidently the condition resolved

with treatment, as examination on January 26, 2004, was negative; Dr. Powers states that the

"left testicle was normal sized.  There were no nodules palpated and the epididymis was normal

bilaterally."  Doc. 18, ¶33.  Powers states that he did not prescribe any treatment on that visit

because "there were no documentable findings."  Id.  Powers requested another urinalysis.  Id.

Again, on February 20, 2004, plaintiff complained about his testicles, but the

examination showed only normal findings.  Two attempts had been made since the last visit to

obtain a urine sample for testing, but plaintiff had been unable to provide samples.  Doc. 18, ¶34.

As plaintiff had complained of blood in his urine, Powers intended to catheterize him to get a

sample on the visit of February 20, 2004, but plaintiff refused.  Doc. 18, ¶37.

In similar fashion, plaintiff complained several times about a lump under his left arm and on his left side.  Powers examined him repeatedly, and found nothing except for a lipoma on the left side.  Doc. 18, ¶¶11, 20, 33, 37, 38, 50.  A lipoma is a fatty tissue deposit which does not cause pain and does not require any medical treatment.  Doc. 18, ¶¶ 39-42.

In summary, defendant's affidavit and the medical records establish that Powers was responsive to plaintiff's complaints.  Powers examined plaintiff regularly, and, on most visits, the examination showed no abnormality.  When plaintiff showed signs of infection and/or inflammation, Powers prescribed antibiotics.  There was never a positive finding of a lump under the arm or on the side which needed treatment.  The only such "lump" was a fatty deposit which caused no symptoms and needed no treatment.

Plaintiff fails to satisfy either the objective or the subjective prongs of the *Farmer* test.  Plaintiff himself has not identified any serious medical need, and the record establishes that he did not suffer from any objectively serious medical need during the period in question.  Plaintiff claims he had a lump under his arm, which was never detected by defendant, but no one has ever diagnosed a problem under his arm.  Doc. 15, Ex. 1, pp. 23-24.  He was told by a doctor at Sandwich Hospital that he had in inflammation in his testicle, which is the same diagnosis that defendant made.  The doctor at Sandwich prescribed antibiotics, the same as defendant had.  Ex. 1, pp. 24-25.

Plaintiff has completely failed to establish that Powers acted with deliberate indifference.  The Seventh Circuit has noted that deliberate indifference is a "subjective standard" which is "essentially a criminal recklessness standard, that is, ignoring a known risk."  ***Johnson v. Snyder*, 444 F.3d 579, 585 (7th Cir. 2006) (internal citations omitted).**  The record here

establishes that Powers examined plaintiff time after time and found his complaints to be

unsubstantiated.  When he did have positive findings, Powers reacted by prescribing treatment,

i.e., antibiotics.

An inmate is not constitutionally entitled to unqualified access to health care; he is

entitled only to ""adequate, minimum-level medical care." ***Johnson v. Doughty*, 433 F.3d 1001,**

**1013 (7th Cir. 2006).**  The record here establishes that plaintiff received adequate care from Dr.

Powers.

In short, defendant has shown that there is no genuine dispute as to the material facts and

that he is entitled to summary judgment because he furnished plaintiff with the medical care that

plaintiff was constitutionally entitled to receive.

**Recommendation**

This Court recommends that defendant's Motion for Summary Judgment **(Doc. 15)** be

**GRANTED**.  Judgment should be entered in favor of defendant Marvin Powers.

Objections to this Report and Recommendation must be filed on or before **October 30,**

**2006.**

**Submitted:  October 11, 2006.**


> s/ Clifford J. Proud
> **CLIFFORD J. PROUD**
> **U. S. MAGISTRATE JUDGE**